UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MALVAMEL LENNON and CYNTHIA AURELIO
on behalf of themselves and those similarly situated,

    Plaintiffs,

vs.                                               Case No. 3:19-cv-00342-J-32JRK

CLAIMS QUESTIONS, LLC, d/b/a ROL
INSURANCE CONSULTING, a Florida
Limited Liability Company,

    Defendant.
_____/

## JOINT MOTION FOR APPROVAL OF THE SETTLEMENT OF PLAINTIFFS' FLSA CLAIMS AND FOR DISMISSAL WITH PREJUDICE

NOW COMES Plaintiffs, Malvamel Lennon ("Lennon"), Cynthia Aurelio ("Aurelio"), (collectively, "Plaintiffs")[1], and Defendant, CLAIMS QUESTIONS, LLC d/b/a ROL INSURANCE CONSULTING ("Defendant") and for their joint motion for approval of the settlement, state as follows:

    1.    Defendant provides insurance adjusting services to insurance companies. Hurricane Irma impacted Florida resulting in a large influx of catastrophe claims and Defendant was asked to respond on an emergency basis to respond to a critical need for insurance adjusters.

    2.    Plaintiffs, independent insurance claims adjusters, performed services for Defendant as Temporary Emergency Adjusters under a special amendment to an existing

---

[1] This matter is not a collective action as no Motion for Certification has been filed. This matter only involves the claims of the two named Plaintiffs.

contract with Citizens Property Insurance Corporation of Florida ("Citizens Insurance") which is a Florida Governmental Entity.

3.  Lennon provided services to Defendant from approximately April 2018 through January 2019.

4.  Aurelio, through the entity Under the SunEnterprises, LLC provided services to Defendant from approximately February 2018 through May 2018.

5.  Lennon and Under the SunEnterprises, LLC were paid a day rate by Defendant for the services provided. The day rate was published in advance to them and they accepted the temporary contract work knowing the terms in advance.

6.  Plaintiffs filed a Fair Labor Standards Act ("FLSA") action against Defendant[2] alleging that they were misclassified as independent contractors and should have been classified as employees. They also allege that they provided services for more than 40 hours during a workweek and should have been paid overtime pay for hours worked over 40.

7.  Defendant asserts that Plaintiffs were properly classified as independent contractors and as such, Defendant asserts that Plaintiffs were paid in full (in Aurelio's case payment was made to Under the SunEnterprises, LLC) for the services they performed for Defendant as independent contractors and are not entitled to any relief in this lawsuit. As a result, Defendant denies that Plaintiffs are entitled to any compensation of any type whatsoever other than what has already been paid. Furthermore, Defendant asserts that, even if a Court were to find that Plaintiffs were misclassified as independent

---

[2] Plaintiffs initially filed this lawsuit against Defendant and Citizens Insurance alleging they were jointly employed by both Defendant and Citizens Insurance but dismissed Citizens from this lawsuit via the filing of the Amended Complaint naming only this Defendant.

contractors (which Defendant disputes), Plaintiffs would not be entitled to receive the full amount of overtime pay for which they claim damages as there are disputed issues as to (1) the number of hours that Plaintiffs provided services (2) whether any overtime allegedly due would be calculated at the half-time rate or the one and half time hourly rate or (3) whether Plaintiffs would be entitled to any liquidated damages under the FLSA. As such, this settlement represents a compromise of the FLSA claims set forth in Plaintiffs' Complaint.

8.     Recognizing the time and expense and uncertainty of litigation, the Parties have agreed to enter into a settlement of the FLSA claims set forth in Plaintiffs' Complaint.

9.     Pursuant to paragraph 6 of the FLSA Scheduling Order entered by this Court on March 29, 2019 (Doc. 4), the Parties hereby submit this matter to the Court to approve settlement as to Plaintiffs' FLSA claims as a "fair and reasonable resolution of a bona fide dispute over FLSA issues". See also Lynn's Food Stores, Inc. v. United States of America, 679 F.2d 1350 (11th Cir. 1982); MacKenzie v. Kindred Hospital East, L.L.C., 276 F.Supp.2d 1211 (M.D. Fla. 2003). The FLSA Settlement Agreement for Lennon is attached hereto as Exhibit "A". The FLSA Settlement Agreement for Aurelio is attached hereto as Exhibit "B".

10.    The total amount of FLSA settlement monies to the Plaintiffs is $17,500. The breakdown of the amount is as follows:

      a.    Malvamel Lennon:  $10,000 all of which will be paid on a 1099 to Ms. Lennon without any taxes withheld and Ms. Lennon will be responsible for all taxes.
      b.    Cynthia Aurelio:   $7,500 all of which will be paid on a 1099 to Ms. Aurelio without any taxes withheld and Ms. Aurelio will be responsible for all taxes.

11. A separate amount of attorneys' fees and costs in the amount of $23,000 total was negotiated freely and independently and without regard to the amount of recovery by Plaintiffs based on Counsel for Plaintiffs' statements regarding the amount of time worked on the case and the costs incurred. The Parties agree that the amount of attorneys' fees is fair and reasonable. The Parties allocated half of the attorneys' fees and costs to each Plaintiff.

12. Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor. Accordingly, the Parties request that the Court approve the Settlement Agreements ("Agreements") entered into by the Parties, copies of which are attached to this Motion as Exhibits "A" and "B".

13. The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve Plaintiffs' FLSA claims against Defendant. The proposed settlement arises out of an action brought by Plaintiffs against Defendant after Plaintiffs provided services as independent contractors. The settlement is a compromise of a disputed claim as to whether Plaintiffs were misclassified as independent contractors (if they are properly classified as independent contractors, they have no FLSA claim for overtime wages and will not be entitled to any recovery whatsoever).

14. The Parties further stipulate and agree that the settlement is a fair and reasonable settlement of the controversies involved in this case. The Parties voluntarily agreed to the terms of the settlement during negotiations, and all Parties had an opportunity to consult with an attorney.

WHEREFORE, for the reasons stated herein, the Parties respectfully request that this Court grant their motion and enter an order approving the settlement as set forth above, including the terms in the Settlement Agreements, and dismissing Plaintiffs' FLSA claims with prejudice.

Respectfully,

/s/ Matthew R. Gunter
C. Ryan Morgan
FBN 0015527
RMorgan@forthepeople.com
Matthew R. Gunter
FBN 0077459
MGunter@forthepeople.com
Morgan & Morgan, P.A.
20N. Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone: 407-420-1414
Facsimile: 407-867-4791
Counsel for Plaintiffs

/s/ Colleen M. Flynn
Colleen M. Flynn
FBN 190470
Johnson Pope, Bokor, Ruppel
& Burns, LLP
911 Chestnut Street
Clearwater, FL 33756
Telephone: 727-461-1818
Facsimile: 727-462-0365
Primary: colleenf@jpfirm.com
Secondary: cherylp@jpfirm.com
Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via electronic filing CM/ECF to C. Ryan Morgan, Esquire, Matthew R. Gunter, Esquire, Morgan & Morgan, P.A., 20 N. Orange Avenue, Suite 1600, Orlando, FL 32801, this 22nd day of July 2019.

JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, L.L.P.

By: /s/ Colleen M. Flynn
Colleen M. Flynn
FBN 0190470
Primary: colleenf@jpfirm.com
Secondary: cherylp@jpfirm.com
911 Chestnut Street
Clearwater, Florida 33756
727-461-1818 / 727-441-8617 Fax
Attorneys for Defendant,

CLAIMS QUESTIONS, LLC d/b/a
ROL INSURANCE CONSULTING

5653507_1