# EXHIBIT B

## FLSA SETTLEMENT AGREEMENT

THIS FLSA SETTLEMENT AGREEMENT (the "Agreement") is made by and between Cynthia Aurelio ("Plaintiff") and Claims Questions, LLC d/b/a ROL Insurance Consulting ("Defendant").

WHEREAS, Plaintiff has made claims under the Fair Labor Standards Act ("FLSA") against Defendant in the lawsuit styled *Malvamel Lennon and Cynthia Aurelio vs. Claims Questions, LLC, d/b/a ROL Insurance Consulting, a Florida Limited Liability Company*, Case No: 3:19-00342-TJC-JRK which was filed in the United States District Court for the Middle District of Florida, Jacksonville Division[1] (the "Action");

WHEREAS, Defendant denies that Plaintiff was an employee of Defendant at any time whatsoever and denies liability for any and all of Plaintiff's FLSA claims, both filed and unfiled, asserted and unasserted;

WHEREAS, Defendant and Plaintiff wish to end the litigation and settle and resolve all controversies related to this matter between them amicably and expeditiously including, but not limited to, the alleged unpaid overtime as asserted in the Action.

NOW, THEREFORE, in consideration of the matters set forth herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Defendant and Plaintiff agree as follows:

1. **RECITALS.** The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **DEFINITIONS.**

    A. Plaintiff – As used in this Agreement, "Plaintiff" means Cynthia Aurelio, as well as her representatives, heirs, successors, assigns, and agents.

    B. Defendant – As used in this Agreement, "Defendant" means Claims Questions, LLC d/b/a ROL Insurance Consulting, a Florida Limited Liability Company, as well as any and all predecessors, successors, parent companies, affiliated, related or subsidiary business units or entities including, but not limited to, its joint venturers, fringe and employee benefit funds and plans, directors, officers, shareholders, managers, members, employees, agents, insurers and attorneys of all of the above entities and their representatives, heirs, successors, assigns and agents.

    C. Parties – As used in this Agreement, "Parties" means "Plaintiff" and "Defendant" as defined above.

---

[1] Citizens Property Insurance Corporation of Florida ("Citizens Insurance") was initially named as a Defendant in this Action and Plaintiff alleged that Citizens Insurance and Defendant were co-employers. Citizens Insurance was not named as a Defendant in the First Amended Complaint.

3. **RELEASE OF CLAIMS**. Plaintiff hereby knowingly and voluntarily releases and forever discharges Defendant, and any other person or entity that Plaintiff may allege or has alleged jointly employed her with Defendant, of and from any and all claims which Plaintiff has or might have as of the date of execution of this Agreement under the FLSA against Defendant and any other person or entity that Plaintiff may allege or has alleged jointly employed her with Defendant. By the payments herein to be approved by the Court Plaintiff agrees that as of the date of execution of this Agreement, she has no further claims pursuant to the FLSA against Defendant or any person or entity that she has alleged or may allege jointly employed her with Defendant while she provided services to Defendant as an independent contractor.

4. **PAYMENT SUMMARY**.

a. If Plaintiff delivers to Defendant's counsel an executed copy of this Agreement and W-9 forms completed and executed by Plaintiff and her counsel, respectively, the Court approves the terms in this FLSA Settlement Agreement in their entirety (and the terms in the FLSA Settlement Agreement of Plaintiff Lennon) and dismisses the Action with prejudice in its entirety (including the claim of Plaintiff Lennon), then in consideration of the matters set forth herein, Defendant shall pay to Plaintiff the total sum of $19,000.00 as described below. Said amount is a compromise of the FLSA claim brought in the Action. Said amount shall be allocated as follows and paid within 10 days after this Action has been dismissed with prejudice in its entirety. If, for any reason the Court does not approve this Agreement in its entirety (and Plaintiff Lennon's Settlement Agreement in its entirety) or does not dismiss this Action with prejudice in its entirety (including the claim of Plaintiff Lennon), then this Agreement shall be null and void and the parties shall be restored to the *status quo ante*.

- $7,500,00 made payable to Plaintiff, which amount shall not be subject to deductions or withholding and for which an IRS Form 1099 shall issue to Plaintiff and Plaintiff agrees to pay all taxes on said amount;

- $11,500.00, made payable to Morgan & Morgan, P.A. as and for attorney's fees and costs for which an IRS Form 1099 shall issue. Plaintiff represents this amount is payment in full for any and all attorney's fees and costs incurred in this matter and that Plaintiff has no further claim for attorney's fees and costs. Plaintiff agrees and acknowledges that this amount was negotiated separately, is fair and reasonable, and did not affect the amount of Plaintiff's recovery in this matter.

Plaintiff understands and acknowledges that she would not receive the payments specified in this paragraph, except for her execution of this Agreement and Plaintiff's fulfillment of the promises contained herein.

b. Defendant makes no representation as to the taxability of the amounts paid to Plaintiff and Plaintiff's attorneys and Plaintiff agrees to pay federal or state taxes, if any, which

2

are required by law to be paid with respect to this settlement. Moreover, Plaintiff agrees to defend and indemnify Defendant and hold it harmless from any interest, taxes or penalties assessed against it by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff and Plaintiff's attorneys under the terms of this Agreement.

   c.   The payment of the foregoing amounts shall constitute a compromise of a disputed claim for overtime under the FLSA as Defendant asserts that Plaintiff was properly classified as an independent contractor and was not an employee and not entitled to any overtime pay.

   d.   By virtue of this approved settlement by the Court, Plaintiff agrees she will not hereafter assert any FLSA claim against any person or entity she has alleged or may allege jointly employed her with Defendant as she agrees this settlement fully compensates her for any possible FLSA claims against Defendant and any and all other persons or entities arising out of her providing services to Defendant as an independent contractor.

   e.   This settlement is contingent on co-Plaintiff Lennon, concurrent with Plaintiff Aurelio, executing and returning a FLSA Settlement Agreement, and W-9 forms and the Court approving co-Plaintiff Lennon's Settlement Agreement in its entirety and dismissing her FLSA claim with prejudice. If that does not occur, then this Settlement Agreement with Plaintiff Aurelio shall become null and void and the Parties will be returned to the *status quo ante.*

   5.   **NO ADMISSION**. Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendant that Plaintiff was misclassified as an independent contractor or of any liability, unlawful conduct of any kind or violation by Defendant of any law, rule or regulation, whatsoever or that Plaintiff was owed any money whatsoever.

   6.   **ATTORNEY'S FEES**. In the event that either party establishes a breach of this Agreement in a court of competent jurisdiction, the prevailing party shall be entitled to recover attorney's fees and costs.

   7.   **OPPORTUNITY TO REVIEW**. Plaintiff acknowledges that she is aware that she is giving up all FLSA claims she may have against Defendant and any other person or entity that Plaintiff may allege or has alleged jointly employed her with Defendant. Plaintiff acknowledges that she has consulted with her counsel prior to executing this Agreement. Plaintiff signs this Agreement voluntarily.

   8.   **SEVERABILITY**. Except as set forth below, should any provision or portion of a provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

   9.   **VENUE AND GOVERNING LAW**. This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions. In the event

3

of any action arising hereunder, venue shall be proper in a court with competent jurisdiction in Hillsborough County, Florida.

10. **ENTIRE AGREEMENT.** This Agreement sets forth the entire agreement between Plaintiff and Defendant with regard to FLSA claims, both filed and unfiled, asserted and unasserted, and it supersedes any and all prior oral or written agreements, understandings, representations or warranties between the parties regarding FLSA claims.

11. **NON-ASSIGNMENT.** Plaintiff hereby warrants that Plaintiff has not assigned, sold, subrogated, transferred or conveyed to anyone any actions, causes of action, claims or demands that she now has or ever had against Defendant or any person or entity that she may allege or has alleged jointly employed her while she provided services to Defendant relating to or arising under the FLSA, and she hereby agrees to defend entirely at her own expense and to fully indemnify and forever hold harmless Defendant or any other person or entity that she may allege or has alleged jointly employed her while she provided services to Defendant from any and all actions, causes of action, claims or demands that may be brought against Defendant or any other person or entity that she may allege or has alleged jointly employed her while she provided services to Defendant relating to or arising out of the FLSA by anyone to whom Plaintiff has assigned, sold, subrogated, transferred or conveyed any such actions, causes of action, claims or demands, whether such are asserted by third-party complaint, cross-claim or otherwise, or whether such are asserted for indemnity, contribution or otherwise.

12. **AMENDMENTS**. This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

13. **EXECUTION IN COUNTERPARTS.** This Agreement may be executed in any number of counterparts, each of which when executed and delivered shall be considered an original. All the counterparts together shall constitute one and the same instrument. Signatures of the Parties by fax, scan, or electronic means are acceptable.

**THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT, THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT.**

**THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.**

Cynthia Aurelio

Dated: _____, 2019   _____
                                Cynthia Aurelio (Jul 18, 2019)

4

**Claims Questions, LLC d/b/a ROL Insurance Consulting**

Dated: 7/22/2019, 2019

By: *Rebecca Keiver* (DocuSigned by: 54FD9C23D64141F)

Title: Managing Member / Owner

5665795