**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MALVAMEL LENNON and
CYNTHIA AURELIO on behalf of
themselves and those similarly
situated,

        Plaintiffs,

v.                                       Case No. 3:19-cv-342-J-32JRK

CLAIMS QUESTIONS, LLC, d/b/a
ROL INSURANCE CONSULTING,
a Florida Limited Liability Company,

        Defendant.

---

### REPORT AND RECOMMENDATION[1]

This cause is before the Court on the Joint Motion for Approval of the Settlement of Plaintiffs' FLSA Claims and for Dismissal with Prejudice (Doc. No. 23; "Motion"), filed July 22, 2019. In the Motion, the parties seek the Court's approval of their settlement agreements, and they request that this case be dismissed with prejudice. Motion at 5. The Motion is referred to the undersigned for the issuance of a report and recommendation regarding an appropriate resolution. See Track Notice and FLSA Scheduling Order (Doc. No. 4), entered March 29, 2019, at 3; Order of Administrative Closure and Reference (Doc. No. 24), entered July 29, 2019, at 2.

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

On March 22, 2019, Plaintiffs commenced this action by filing a Collective Action Complaint (Doc. No. 1) against Defendant and Citizens Property Insurance Corporation of Florida ("Citizens") for overtime wage violations under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"). On May 23, 2019, Plaintiffs dismissed Citizens from the case by filing a First Amended Collective Action Complaint (Doc. No. 14; "Amended Complaint") that did not name Citizens as a defendant.

Plaintiffs allege in the Amended Complaint that they worked as "Litigation Specialists" for Defendant. Amended Complaint at 3 ¶¶ 12-13. As Litigation Specialists, they "provide[d] adjusting services on Citizens'[s] accounts." Id. at 1-2 ¶ 2. Plaintiffs state that Litigation Specialists were "classified as 'independent contractors' and paid a day rate for all hours worked with no additional overtime compensation paid." Id. at 2 ¶ 2. According to Plaintiffs, "[t]hese workers have been misclassified as independent contractors under the FLSA and should have been classified as employees," and "[a]s such, they are entitled to overtime compensation for overtime hours worked." Id. Plaintiffs allege that "[d]uring the course of their employment, Plaintiffs . . . regularly worked in excess of forty (40) hours in individual workweeks." Id. at 7 ¶ 45. Plaintiffs state that "[i]t was not uncommon for Plaintiffs to work between sixty (60) and sixty-five (65) hours (or more) in a given week." Id. at 8 ¶ 53.

In Plaintiff Malvamel Lennon's Answers to Court's Interrogatories (Doc. No. 18; "Lennon's Answer to Court's Interrogatories"), filed June 6, 2019, Plaintiff Lennon represents the following:

> Based on the time records I maintained tracking hours worked each week[,] I have determined that under a "half-time" calculation I am owed $8,785.41 in unpaid overtime wages through the duration of my employment with Defendant, plus an equal and additional amount for liquidated damages, all attorneys' fees and costs incurred on my behalf, any and all such other damages that the Court deems just and appropriate. However, based on a

"time and one-half" calculation, I am owed $17,570.81 plus an equal and additional amount for liquidated damages.

Lennon's Answer to Court's Interrogatories at 2 (emphasis omitted).

In Plaintiff Cynthia Aurelio's Answers to Court's Interrogatories (Doc. No. 19; "Aurelio's Answer to Court's Interrogatories"), filed June 6, 2019, Plaintiff Aurelio represents the following:

> Based on the time records I maintained tracking hours worked each week[,] I have determined that under a "half-time" calculation I am owed $5,022.33 in unpaid overtime wages through the duration of my employment with Defendant, plus an equal and additional amount for liquidated damages, all attorneys' fees and costs incurred on my behalf, any and all such other damages that the Court deems just and appropriate. However, based on a "time and one-half" calculation, I am owed $10,044.66 plus an equal and additional amount for liquidated damages.

Aurelio's Answer to Court's Interrogatories at 2 (emphasis omitted).

The parties have entered into a settlement agreement with each Plaintiff to resolve Plaintiffs' claims. See Motion Ex. A (Doc. No. 23-1; "Lennon's Settlement Agreement"), Ex. B (Doc. No. 23-2; "Aurelio's Settlement Agreement") (collectively "Settlement Agreements"). Under the terms of Lennon's Settlement Agreement, Defendant agrees to pay Plaintiff Lennon a total of $10,000.00 and Plaintiff Lennon's counsel $11,500.00 for attorney's fees and costs. Lennon's Settlement Agreement at 2 ¶ 4. Under the terms of Aurelio's Settlement Agreement, Defendant agrees to pay Plaintiff Aurelio a total of $7,500.00 and Plaintiff Aurelio's counsel $11,500.00 for attorney's fees and costs. Lennon's Settlement Agreement at 2 ¶ 4.

The parties represent they entered into the Settlement Agreements "[r]ecognizing the time and expense and uncertainty of litigation . . . ." Motion at 3 ¶ 8. According to the parties, "[t]he settlement is a compromise of a disputed claim as to whether Plaintiffs were misclassified as independent contractors." Id. at 4 ¶ 13. The parties "stipulate and agree

that the settlement is a fair and reasonable settlement of the controversies involved in this case." Id. ¶ 14. The parties also represent that the attorney's fees and costs were "negotiated freely and independently and without regard to the amount of recovery by Plaintiffs . . . ." Id. ¶ 11.

In an FLSA case for "back wage[s] or liquidated damage[s]," the Court must make a finding that any compromise settlement of the case represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" after "scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982); see also Nall v. Mal-Motels, Inc., 723 F.3d 1304, 1306 (11th Cir. 2013) (citation omitted); Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).

In light of the representations made by the parties and upon review of the Motion, the Settlement Agreements, and the remainder of the file, the Court finds that the Settlement Agreements, including the award of attorney's fees and costs, represent "a fair and reasonable resolution of a bona fide dispute" over provisions of the FLSA. Lynn's Food Stores, 679 F.2d at 1355.[2]

In assessing the fairness of the Settlement Agreements, the undersigned observes that they each contain a release provision. See Settlement Agreements at 2 ¶ 3. "Courts typically disfavor general release clauses in FLSA settlement agreements." DeGraff v. SMA Behavioral Health Servs., 945 F. Supp. 2d 1324, 1329 (M.D. Fla. 2013) (citations

---

[2]     In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "an in depth analysis . . . unless the unreasonableness [of such award] is apparent from the face of the documents." King v. My Online Neighborhood, Inc., No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (unpublished) (quoting Perez v. Nationwide Protective Servs., Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005) (unpublished)). The total fee award sought in this case is not patently unreasonable. In addition, Defendant does not contest the reasonableness of the award, so the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiffs' counsel constitutes a reasonable hourly rate in this or any applicable market.

omitted). Here, however, the releases are limited to claims that "Plaintiff[s] ha[ve] or might have . . . under the FLSA against Defendant and any other person or entity that Plaintiffs may allege or ha[ve] alleged [j]ointly employed [them] with Defendant." Settlement Agreements at 3 ¶ 3. As such, the releases are distinguishable from those disfavored by courts, for they "allay any concern that Plaintiffs may be giving up an unknown, but valuable, claim that is completely unrelated to the FLSA claim, and which 'confers an undeserved and disproportionate benefit on the employer and effects an unanticipated, devastating, and unfair deprivation on the employee.'" Coleman v. Target Corp., No. 6:12-cv-1315-Orl-37GJK, 2013 WL 867891, at *6 (M.D. Fla. Mar. 1, 2013) (unpublished) (quoting Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010)). Accordingly, the undersigned finds that the release provisions here do not undermine the fairness or reasonableness of the Settlement Agreements.

After due consideration, it is

**RECOMMENDED**:

1.    That the Joint Motion for Approval of the Settlement of Plaintiffs' FLSA Claims and for Dismissal with Prejudice (Doc. No. 23) be **GRANTED to the extent** that the Court enter an Order and Stipulated Final Judgment **APPROVING** the parties' settlement agreements attached to the Motion.[3]

---

[3]    This recommendation is not intended to suggest that the Court enter judgment against Defendant. Rather, this recommendation is that the Court enter a combined Order and Stipulated Final Judgment approving the parties' settlement agreements because, as stated in Lynn's Food Stores, 679 F.2d at 1355, "there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed . . . under the FLSA[] is a fair and reasonable res[o]lution of a bona fide dispute."

2.     That this case be **DISMISSED WITH PREJUDICE** and that the Clerk be directed to close the file.

       **RESPECTFULLY RECOMMENDED** in Jacksonville, Florida on August 2, 2019.

_James R. Klindt_
**JAMES R. KLINDT**
United States Magistrate Judge

bhc
Copies to:
Counsel of Record